THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNIVERA, INC., a Delaware corporation,

    Plaintiff,

v.

JOHN TERHUNE, an individual; PATRICIA TERHUNE, an individual; TERHUNE ENTERPRISES, LLC, a Florida limited liability company; MARSHALL DOUGLAS, an individual; DIANA DOUGLAS, an individual; DOUGLAS ENTERPRISES INTERNATIONAL, LLC, a Florida limited liability company,

    Defendants.

No. C09-5227 RBL

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER VENUE

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss or Alternatively to Transfer Venue [Dkt. #11]. The Court has reviewed the materials submitted in support of and opposition to the motion. Oral argument is not necessary for the Court to resolve the issues presented by the motion. For the reasons discussed below, Defendants' motion is GRANTED IN PART and DENIED IN PART.

## Background

Plaintiff Univera is a Delaware corporation with its principal place of business in Washington. Univera is a multi-level marketing company that distributes health-care and dietary products through its network of "Associates." Univera's Associates are independent contractors who recruit additional associates. Univera's Associates earn commissions from their sales and from the sales made by their

"downlines."[1] Defendants John Terhune, Particia Terhune, Marshall Douglas, and Diana Douglas are individuals residing in Florida. Defendants Terhune Enterprises, LLC, and Douglas Enterprises International, LLC, are Florida limited liability companies with their principal place of business in Florida.

This dispute arises out of the alleged recruiting activities of defendants John Terhune and Marshall Douglas. Mr. Terhune recruited Mr. Douglas after becoming a Univera "Associate" in 2004. Both Mr. Terhune and Mr. Douglas were members of Univera's highest Associate group because they developed large networks of "downlines." Because Mr. Terhune recruited Mr. Douglas, Mr. Terhune's downline includes all of Mr. Douglas' downline.

Mr. Terhune and Mr. Douglas had various contacts with Washington throughout their relationship with Univera. Both participated in conference calls, made trips to Washington to train new Univera Associates, and made presentations in Washington at Univera conferences. Both Mr. Terhune and Mr. Douglas also had downline members in Washington. Mr. Terhune's downline consisted of 814 Washington residents, including 313 Associates and 511 other residents. Mr. Douglas' downline consisted of 775 Washington residents, including 295 Associates and 480 other residents.

Following alleged operational problems on the part of Univera, Mr. Terhune and Mr. Douglas began recruiting former "Associates" in their Univera networks to a competing multi-level marketing company, Qivana. Univera asserts that these recruiting activities are a violation of Mr. Terhune's and Mr. Douglas' Associate Agreements with Univera. After the defendants objected to Univera's Demand for Arbitration, Univera filed this suit on April 17, 2009. On June 26, 2009, the defendants plus Unstoppable Personal Development, LLC, RTB Group, LLC, and LGI Media, Inc., filed a complaint against Univera in the Circuit Court of the Seventh Judicial Circuit, In and For Volusia County, Florida. Univera removed the Florida action to the Middle District of Florida.

Defendants argue Univera's claims should be dismissed because this Court lacks personal jurisdiction or is an improper venue for adjudication of Univera's claims. Alternatively, the defendants argue that this Court should transfer Univera's claims to the United States District Court for the Middle District of Florida in the interest of justice and for the convenience of the parties. This Court GRANTS

---

[1] "Downlines" are made up of all Associates recruited directly and indirectly by the initial Associate, plus any customers that these Associate downlines sell to.

IN PART and DENIES IN PART the motion. This Court has personal jurisdiction over Terhune Enterprises, Douglas Enterprises International, John Terhune, and Marshall Douglas, but lacks personal jurisdiction over Patricia Terhune and Diana Douglas. Further, venue is proper under 28 U.S.C. § 1391. Finally, this Court declines to exercise its discretion under 28 U.S.C. § 1404(a) to transfer proceedings to the Middle District of Florida.

## Discussion

### I. Jurisdiction

This Court has jurisdiction over the defendants if the forum state's long-arm statute confers jurisdiction and the exercise of jurisdiction is permitted by federal due process concerns. *See Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). Washington's long-arm statute confers jurisdiction over nonresident defendants to the maximum extent permitted by federal due process. *MBM Fisheries, Inc. v. Bolinger Mach. Shop and Shipyard, Inc.*, 60 Wash. App. 414, 423, 804 P.2d 627, 632 (1991); *Deutsch v. West Coast Mach. Co.*, 80 Wash.2d 707, 711, 497 P.2d 1311, 1314 (1972). Thus, the Court need only determine whether exercising personal jurisdiction comports with due process.

The Court may have either general or specific jurisdiction over the defendants. General jurisdiction exists where a defendant has substantial, continuous, and systematic contacts with the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l., Inc., 223 F.3d 1082, 1087*. Where there is no general jurisdiction, a court may still have specific jurisdiction over a defendant. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). Specific jurisdiction exists where (1) a nonresident defendant commits an act or consummates a transaction with the forum by which he purposefully avails himself of the benefits and protections of its laws; (2) the claim being adjudicated arises out of or results from the defendant's activities in the forum; and (3) exercising jurisdiction is reasonable. *Id*.

### A. Purposeful Availment

To satisfy the purposeful availment prong, the defendants' acts must be aimed at and have effect in the forum state. *Bancroft*, 223 F.3d at 1087. This requirement is satisfied where a "defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id*.

The defendants have purposefully availed themselves of the benefits of Washington's laws. Terhune Enterprises and Douglas Enterprises International both entered into agreements with Univera

ORDER 3

with the knowledge that Univera's principal place of business was Washington. Both companies generated revenue from their Washington downlines. While Mr. Terhune and Mr. Douglas may or may not have directly recruited from their Washington downlines, their actions were aimed at a forum state individual, Univera. The purposeful availment prong is satisfied by the defendants' targeting of Univera, a corporation residing in Washington state.

**B.   Claims Arising Out Defendants' Washington Activities**

In order to have specific jurisdiction, the defendants' contacts constituting purposeful availment must be the contacts that give rise to the plaintiff's claims. *Bancroft,* 223 F.3d 1088. The underlying cause of Univera's core claims is that the defendants wrongfully recruited from their Univera downlines, an act targeted at the forum state. But for the defendants' alleged recruitment of former downline members, Univera's claims would not be before this court. Univera's claims arise out of the defendants' contacts that constitute purposeful availment.

**C.   Reasonableness**

Because Univera has demonstrated that sufficient minimum contacts exist allowing this Court to exercise personal jurisdiction over the defendants, the defendants must "present a compelling case that jurisdiction would be unreasonable." *Sinatra v. Nat'l. Enquirer, Inc.*, 854 F.2d 1191, 1198 (9th Cir. 1988) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

The Court examines seven factors when analyzing the reasonableness of jurisdiction: (1) the extent of defendants' purposeful interjection into the forum state; (2) the burden on the defendants; (3) conflicts of sovereignty between the forum state and the defendants' state; (4) the forum state's interest in adjudicating the case; (5) judicial efficiency; (6) the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Burger King*, 471 U.S. at 476-77; *Bancroft*, 223 F.3d at 1088; *Sinatra,* 854 F.2d at 1198-99.

The defendants have failed to carry their burden of proving jurisdiction is unreasonable. First, the defendants purposefully interjected themselves into the forum state by allegedly attempting to recruit from their downlines. Second, while litigating in Washington poses a burden to the defendants, there will be a significant burden on one party regardless of where this case is tried. Third, Washington has a strong interest in adjudicating this case because it involves both a resident corporation and numerous Washington individuals.

### D.  Individual Defendants

The Court evaluates the contacts of each individual defendant to determine whether they had sufficient minimum contacts to satisfy the requirements of due process. *Calder v. Jones*, 465 U.S. 783, 790 (1984). Because Mr. Terhune and Mr. Douglas both committed acts aimed at a Washington resident by allegedly recruiting from their downlines, they have sufficient minimum contacts to satisfy due process concerns.

Ms. Terhune and Ms. Douglas have different contacts with Washington than do Mr. Terhune and Mr. Douglas. So long as Ms. Terhune and Ms. Douglas have sufficient minimum contacts with Washington to satisfy due process, the fact that they may have acted in their official capacities as corporate officers has no bearing on this Court's jurisdictional determinations. *See Davis v. Metro Prod., Inc.*, 885 F.2d 515, 522 (9th Cir. 1989). While Univera notes that Ms. Terhune and Ms. Douglas were officers of their respective LLC's, corporate veil piercing is not relevant to the question of personal jurisdiction. *Id.*

Ms. Douglas' contacts with Washington include attending Univera conventions in Washington and making training presentations to other Associates in Washington. Ms. Terhune's contacts with Washington include attending a Univera Fly-In in Washington.[2] Both Ms. Douglas and Ms. Terhune are currently the only officers of their respective LLC's. While Ms. Terhune and Ms. Douglas have some contacts with Washington, these contacts do not constitute purposeful availment. Thus, the Court lacks jurisdiction over Ms. Terhune and Ms. Douglas individually.

For the foregoing reasons, this Court has personal jurisdiction over defendants Terhune Enterprises, LLC, Douglas Enterprises International, LLC, John Terhune, and Marshall Douglas. Based on the materials presented by the parties, the Court lacks personal jurisdiction over defendants Patricia Terhune and Diana Douglas because, independent of the actions of their husbands, they lack sufficient minimum contacts with the forum state to satisfy due process. If community property principles allow the attribution of their husbands' actions to Ms. Terhune and Ms. Douglas, the parties should address this question in subsequent briefing.

---

[2] Fly-Ins are meeting where Univera Associates meet to share business strategies with other Associates. According to Univera, Associates are encouraged to bring prospective Associates to these Fly-Ins.

ORDER                                                                                       5

## II. Venue

Under 28 U.S.C. § 1391(a), in an action based on diversity, venue is appropriate in any judicial district where (1) any defendant resides, if all defendants reside in the same State, or (2) where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391. 28 U.S.C. § 1391(c) states that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Because the Court has personal jurisdiction over both Terhune Enterprises and Douglas Enterprises, both LLC's reside in Washington for the purposes of 28 U.S.C. § 1391. Further, Mr. Terhune and Mr. Douglas both took actions directed at Washington by allegedly recruiting from their downlines, either inside Washington or outside of Washington. Venue is appropriate in Washington.

The defendants argue that even if venue is appropriate, the Court should transfer this case to Florida. This Court has discretion to transfer this case, for the convenience of parties and witnesses, to "any other district where it might have been brought." 28 U.S.C. § 1404(a). In considering whether to transfer a case, the Court looks to the following factors: "(1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The moving party bears the burden of showing that the convenience to the parties and witnesses and the interest of justice weighs heavily in favor of transfer to overcome the presumption in favor of the plaintiff's choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 234, 255-56 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### A. Plaintiff's Choice of Forum

Univera argues that the "first to file" rule generally precludes this Court from transferring their claims to Florida. The "first to file" rule, or comity doctrine, is a discretionary doctrine allowing "a district court to decline jurisdiction over a matter if a complaint has already been filed in another district." *Church of Scientology of California v. United States Dep't. of the Army*, 611 F.2d 738, 749 (9th Cir. 1980). The doctrine was designed to "serve the purpose of promoting efficiency well and should not be

disregarded lightly." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The "first to file" rule may be applied "when a complaint involving the same parties and issues has already been filed in another district." *Id.* (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)).

The Florida action filed by Terhune Enterprises and Douglas Enterprises shares the same core issue as this action. Both actions concern Mr. Terhune's and Mr. Douglas' alleged recruitment of their Univera downlines away from the company. While the parties and specific claims involved are not identical, the "first to file" rule applies because the act of recruitment is at the heart of each case. Despite the application of the "first to file" rule, the Court retains the discretion to transfer the case to Florida if the remaining *Jones* factors weigh heavily in favor of the defendants.

### B. Cost of Litigation

Transfer should not be allowed if the party requesting transfer is attempting to shift the costs from one party to another. *Decker Coal*, 805 F.2d at 843. The defendants may experience lower costs by litigating this case in Florida, but Univera will likely have increased costs if the case were moved to Florida. Because transfer should not be allowed if transferring the case only shifts litigation costs between the parties, this factor favors Washington as a forum.

### C. Availability of Witnesses

The defendants argue that convenience of the witnesses strongly favors venue in Florida. While it is likely that many witnesses might be Florida residents, it is equally likely that many witnesses might be Washington residents. Some witnesses will be members of the Terhune or Douglas downline that were allegedly recruited by Mr. Terhune or Mr. Douglas. Other witnesses will be Univera executives and employees.

Either this Court or the Florida Court may not have compulsory process over many potential witnesses in this case. Mr. Terhune identifies approximately twenty potential witnesses in his declaration, only six of whom are Florida residents. Terhune Decl. ¶ 22. A Florida court would still lack compulsory process over these additional witnesses. This factor is neutral or weighs slightly in favor of transfer as some witnesses could be compelled to testify in Florida. Many witnesses will be inconvenienced regardless of where the suit proceeds.

### D. Remaining *Jones* Factors

The remaining *Jones* factors are either neutral or not relevant to the Court's transfer analysis. Washington or Florida can both apply common law tort and contract law. While the defendants reside in Florida, they also have significant contacts with Washington. Univera has significant contacts in both Washington and Florida. According to Mr. Terhune, the Associate Agreements were negotiated in Colorado.

Having weighed the above *Jones* factors, the Court concludes that the defendants have failed to meet their burden of overcoming Univera's chosen forum. Because Univera's first filed action was in this Court, and because witnesses will be inconvenienced in either Florida or Washington, the Court DENIES defendants' motion to transfer venue.

## III. Conclusion

For the foregoing reasons, the Court DENIES the defendants' motion to dismiss for lack of personal jurisdiction over defendants Terhune Enterprises, LLC, Douglas Enterprises International, LLC, John Terhune, and Marshall Douglas. The Court GRANTS the defendants' motion to dismiss for lack of personal jurisdiction over defendants Patricia Terhune and Diana Douglas. The Court DENIES the defendants' motion to dismiss for improper venue. The Court, in its discretion, DENIES the defendants' motion to transfer this action to the United States District Court for the Middle District of Florida.

DATED this 3rd day of November, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE