THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNIVERA, INC., a Delaware corporation,

    Plaintiff,

v.

JOHN TERHUNE, an individual; TERHUNE ENTERPRISES, LLC, a Florida limited liability company; MARSHALL DOUGLAS, an individual; DOUGLAS ENTERPRISES INTERNATIONAL, LLC, a Florida limited liability company,

    Defendants.

No. C09-5227 RBL

ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY

THIS MATTER is before the Court for consideration of Plaintiff's Motion to Disqualify [Dkt. #31] and Defendants' Motion to Allow Limited, Expedited Discovery and an Evidentiary Hearing on the Motion to Disqualify [Dkt. # 41]. For the following reasons, the Motion to Disqualify is DENIED. The Motion to Allow Discovery is DENIED.

**Background**

In 2006, Defendants' attorney D.J. Poyfair of Shughart Tomson & Kilroy was retained by ECONET, Univera's parent company. Mr. Poyfair and his firm were to provide legal advice relating to a potential conflict of interest and termination of ECONET's Chief Executive Officer and Univera's former Chief Executive Officer, Derek H. Hall. Plaintiff Univera argues that Mr. Poyfair's current representation

ORDER - 1

of the defendants creates an impermissible conflict of interest with his former client ECONET.

**Discussion**

Under Washington Rule of Professional Conduct 1.9(a), an attorney should be disqualified if (1) the conflict involves a former client; (2) the subsequent representation is materially adverse to the prior client; and (3) the two matters are substantially related. *Avocent Redmond Corp. v. Rose Elec.*, 491 F. Supp. 2d 1000, 1007 (W.D. Wash. 2007). The defendants bear the burden of establishing the lack of a conflict of interest. *Id.*; *FMC Tech., Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1158 (W.D. Wash. 2006). The Court recognizes that disqualification is a drastic measure and can be used merely as a litigation tactic. *See FMC Tech.,* 420 F. Supp. 2d at 1157.

First, Univera appears to seek Mr. Poyfair's disqualification for purely tactical reasons. It knew that Mr. Poyfair was representing the defendants in March of 2009, but did not raise any objections in communications between the parties until filing this motion on August 27, 2009. Further, Mr. Terhune's declaration strengthens the inference that Univera filed this motion to inconvenience the defendants and increase litigation costs.[1]

Second, Mr. Poyfair's current representation of the defendants is not substantially related to his previous representation of ECONET. Matters are "substantially related" if they involve the same transaction or legal dispute, or if there is a substantial risk that confidential information from the prior representation would materially advance the current client's position. Wash. RPC 1.9, *cmt.* 3. Comment 3 states that, in the case of organizational clients, general knowledge of a client's policies will not ordinarily preclude subsequent representation, while knowledge of specific facts from prior representation will ordinarily preclude subsequent adverse representation. *Id*.

Here, Mr. Poyfair's prior representation was limited to giving legal advice on dealing with the activities of former Univera CEO Derek Hall. Mr. Poyfair stated that most of the ECONET work was done by two other attorneys in his firm because of their superior experience with executive employment issues. Mr. Poyfair had access to documents regarding ECONET's basic structure and documents related to Mr. Hall's employment, but did not likely have access to any specific confidential information that

---

[1]After Mr. Terhune expressed his intent to file a separate suit against Univera in Florida, Univera's General Counsel told Mr. Terhune to "do what you need to do ... file what you need to file and we will see you $100,000 later." Terhune Decl., ¶ 5.

ORDER 2

would materially advance the defendants' position in this proceeding. Because the scope of Mr. Poyfair's prior representation was limited, there is not a reasonable likelihood that he obtained confidential information in his prior representation of ECONET that would help his current client.

Because Mr. Poyfair does not have a conflict of interest, Baker & Hostetler cannot be disqualified through association.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Disqualify [Dkt. #31] is DENIED. Because it is unnecessary to the resolution of plaintiff's motion, defendants' Motion to Allow Limited, Expedited Discovery and an Evidentiary Hearing on the Motion to Disqualify [Dkt. #41] similarly is DENIED.

DATED this 5th day of November, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE