THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNIVERA, INC., a Delaware corporation,

Plaintiff,

v.

JOHN TERHUNE, an individual; TERHUNE ENTERPRISES, LLC, a Florida limited liability company; MARSHALL DOUGLAS, an individual; DOUGLAS ENTERPRISES INTERNATIONAL, LLC, a Florida limited liability company,

Defendants.

No. C09-5227 RBL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT TO COMPEL ARBITRATION

THIS MATTER is before the Court for consideration of Plaintiff's Motion for Partial Summary Judgment to Compel Arbitration [Dkt. #45]. The Court has reviewed the materials in support of and opposition to the motion. For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**Background**

Plaintiff Univera asks this Court to compel defendants John Terhune, Marshall Douglas, Terhune Enterprises, LLC ("Terhune Enterprises"), and Douglas Enterprises International, LLC ("Douglas Enterprises"), into arbitration based on the existence of a valid and enforceable arbitration clause.

In 2004, both Terhune Enterprises, Inc. (now Terhune Enterprises, LLC) and Douglas Enterprises International, LLC, became Univera Associates.[1] Univera requires its Associates to renew their agreements with Univera for each calendar year. The form includes a statement that the Associate has "read and accept[ed] all of the terms and conditions as outlined in the company's policies and procedures manual." On the reverse side of the form, the agreement includes the following clause:

> Any controversy or claim arising out of or relating to the Associate Agreement, or any alleged breach thereof, shall be settled by arbitration administered by the American Bar Association under its Commercial Arbitration Rules... If an Associate files a claim or counter-claim against Oasis, he or she may only do so on an individual basis and not with any other Associate or as part of a class or consolidated action.

As of December 2008, the Univera policies and procedures manual required any arbitration to take place in Seattle, Washington.[2] The manual also included a provision entitling the prevailing party in any such arbitration to costs and expenses of arbitration, including attorney's fees and filing fees.

On the Terhune 2005 renewal form, the Associate Agreement lists Terhune Enterprises as the "Associate". It was signed by "Patricia Terhune, VP." On the Douglas 2004 Associate Agreement form, the "Associate" is listed as Douglas Enterprises International, LLC. The form was signed by Marshall and Diana Douglas, Directors. In January 2009, John Terhune resigned as a member of Terhune Enterprises, LLC. In February 2009, Marshall Douglas resigned as a member of Douglas Enterprises International, LLC. Univera alleges that Mr. Terhune, Mr. Douglas, Terhune Enterprises, and Douglas Enterprises violated Univera's policies and procedures, and as such should be compelled to arbitrate the

---

[1] In 2004, Univera conducted business under the name Oasis Lifesciences.

[2] 15.2 of the Univera Policies and Procedures Manual states:

> A. Any controversy or claim arising out of or relating to the Associate Agreement, these Policies and Procedures, or the breach thereof, the Associate's business or any dispute between Univera and the Associate, shall be settled by binding arbitration administered by the American Arbitration Association under its commercial arbitration rules .... Any such arbitration shall be held in Seattle, Washington, USA....
>
> B. If an Associate files a claim or counterclaim against Univera, he or she may only do so on an individual basis and not with any other Associate or as part of a class or consolidated action....
>
> C. The prevailing party in any such arbitration shall be entitled to receive from the losing party all costs and expenses of arbitration, including attorney's fees and filing fees....

disputes between the parties. This Court GRANTS IN PART and DENIES IN PART the plaintiff's Motion to Compel Arbitration. Terhune Enterprises, LLC, and Douglas Enterprises International, LLC, are compelled to arbitrate with Univera. Mr. Terhune and Mr. Douglas did not personally enter into any agreement with Univera, and cannot be compelled to arbitration on the basis of the arbitration clause.

## Discussion

The Federal Arbitration Act ("FAA") provides that any arbitration agreement within the scope of the parties' agreement is valid, irrevocable, and enforceable. The FAA leaves the Court no room for discretion, but requires the Court to "direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). Under the FAA, the Court must first determine whether or not a valid agreement to arbitrate exists. *Chiron*, 207 F.3d at 1130. If an agreement exists, the Court then examines whether that agreement encompasses the dispute at issue. *Id*.

**A.     Existence of an agreement to arbitrate**

Univera entered into Associate Agreements with both Terhune Enterprises and Douglas Enterprises. The Associate Agreements included an arbitration clause, and required the Associates to be bound by Univera's policies and procedures manual. An agreement to arbitrate exists between Univera and the LLCs.

Univera also seeks to compel John Terhune and Marshall Douglas individually to arbitration. Mr. Terhune and Mr. Douglas were both officers of their respective LLCs until early 2009. Mr. Douglas signed an Associate Agreement in 2004 as "Marshall Douglas, Director." In addition, Mr. Douglas signed a Business Registration Form in conjunction with the Douglas Enterprises Associate Agreement. The form was signed on the line indicated for "President." Mr. Terhune's signature does not appear on Terhune Enterprises' 2005 renewal form, but he was an officer of the company at the time. Neither Mr. Terhune nor Mr. Douglas signed the Associate Agreement in their individual capacity. The question of whether a non-signatory to an arbitration agreement may be compelled to arbitration is governed by federal law. *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986).

**1.     Estoppel**

Univera argues that Mr. Terhune and Mr. Douglas may be compelled to arbitrate under a theory of equitable estoppel.  Non-signatories of an arbitration agreement may be bound by the agreement under ordinary principles of contract and agency law.  *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (quoting *Letizia*, 802 F.2d at 1187).  Under an equitable estoppel theory, a signatory to an arbitration agreement cannot compel a non-signatory into arbitration unless the non-signatory knowingly exploits the agreement containing the arbitration clause.  *Comer*, 436 F.3d at 1101.  Theories of alternative estoppel advanced by Univera are not applicable to this case, as they only apply where a non-signatory seeks to compel a signatory to arbitrate.  *See Merrill Lynch Inv. Managers v. Optibase, Ltd.,* 337 F.3d 125, 131 (2d Cir. 2003); *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 779 (2d Cir. 1995).

Equitable estoppel precludes a party from simultaneously enjoying the benefits of a contract while avoiding the obligations imposed by that contract.  *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009).  In order to compel arbitration under an equitable estoppel theory, a non-signatory must have either received a direct benefit or must have relied on the contract containing the arbitration clause.  *See Thomson-CSF, S.A.*, 64 F.3d at 778-79.

While Mr. Terhune and Mr. Douglas earned money through their LLC's contracts with Univera, they have not received the type of direct benefit necessary to compel them to arbitration as a non-signatory to the Associate Agreement.  Instead, Mr. Terhune and Mr. Douglas are indirect beneficiaries who did not knowingly exploit the Associate Agreement.  Mr. Terhune and Mr. Douglas acted in their official capacities as company officers throughout their relationship with Univera.  The Florida Action brought by the defendants includes claims based on the Associate Agreement.  These claims were brought only by the LLCs, not by Mr. Terhune or Mr. Douglas individually.  The claims brought individually by Mr. Terhune and Mr. Douglas are based on common law tort principles, including tortious interference, unfair competition, and defamation.  None of these causes of action shows that Mr. Terhune or Mr. Douglas "knowingly exploited" the Associate Agreement that their respective LLCs had with Univera.  Mr. Terhune and Mr. Douglas cannot be compelled to arbitration under an estoppel theory.

### 2. Veil Piercing

Univera argues that Mr. Terhune and Mr. Douglas must be compelled to arbitrate because there is a possibility that the Court might pierce their respective LLC's corporate veils. In order to compel arbitration because the defendants have disregarded corporate separateness, there must be more than a mere possibility that the veil will be pierced. *See Carpenters 46 v. ZCon Builders*, 96 F.3d 410, 414-415 (9th Cir. 1996). Univera fails to meet its burden of proving that Mr. Terhune or Mr. Douglas have disregarded the separation between themselves and their respective LLCs. They maintained separate personal and business bank accounts, filed annual reports and corporate tax returns, and may have received payments for travel reimbursements personally only because Univera issued those reimbursements to them personally. Univera has failed to show that either Mr. Terhune or Mr. Douglas has become the alter ego of his respective LLC, and cannot compel them to arbitrate by piercing the corporate veil at this juncture.

### B. Whether the dispute is encompassed by the arbitration clause

The arbitration clause between Univera and its Associates is very broad, binding the parties to arbitrate any claim or controversy arising out of or relating to the Associate Agreement or Univera's Policies and Procedures Manual. Univera alleges impermissible recruiting activities on the part of Terhune Enterprises and Douglas Enterprises. This claim is within the scope of a valid arbitration clause with respect to Terhune Enterprises and Douglas Enterprises International. Univera's claims are not within the scope of a valid arbitration clause with respect to the individual defendants because there is no valid arbitration clause.

### C. Unconscionability

Defendants argue that Univera's arbitration clause is unconscionable and unenforceable. Generally applicable defenses to contractual obligations, including unconscionability, may be applied to invalidate an agreement to arbitrate without undermining the Federal Arbitration Act. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). Washington state law controls the Court's analysis of unconscionability. *See Hoffman v. Citibank*, 546 F.3d 1078, 1082 (9th Cir. 2008). Washington recognizes both procedural and substantive unconscionability. *McKee v. AT&T Corp.*, 164 Wash.2d 372, 396, 191 P.3d 845, 857 (2008). Substantive unconsionability "involves those cases where a clause or

term in the contract is one-sided or overly harsh." *Id*. Washington courts have previously recognized that the commercial nature of the contract should be considered when examining a potentially unconscionable clause or contract. *See Luna v. Household Fin. Corp. III*, 236 F. Supp. 2d 1166, 1183 (W.D. Wash. 2002); *MA Mortenson Co., Inc. v. Timberline Software Corp.*, 140 Wash.2d 568, 587, 998 P.2d 305, 314-15 (2000).

Defendants argue that three specific clauses are unconscionable: (1) requiring arbitration to be held in Seattle; (2) limiting claimants to bringing only individual claims; and (3) the "loser pays all" clause, including all arbitration expenses. Defendants rely on *McKee* and *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003), to support their argument that Univera's arbitration clause is unconscionable. In *McKee*, the Washington Supreme Court held that a class action waiver was unconscionable where small claims were involved. *McKee*, 164 Wash.2d at 397-98. The *McKee* Court also held that a "loser pays all" clause is substantively unconscionable where it applies only to one side. *Id*. at 399-400. Neither of these circumstances are present here. First, the claims involved in this case are not small enough to render the class action prohibition substantively unconscionable. Unlike *McKee*, no small claims are involved. Second, the "loser pays all" clause applies to both sides. If the defendants prevail at arbitration, Univera will bear all costs under the agreement. In *McKee*, the loser pays clause applied only to the consumer claimants and attempted to limit what type of damages an arbitrator could award. *Id*. Here, the clause applies equally to both sides.

Under Washington law, forum selection clauses are prima facie valid absent a showing of unreasonableness or fraud by the party challenging the clause. *See Dix v. ICT Group, Inc.*, 160 Wash.2d 826, 834-35, 161 P.3d 1016, 1020-21 (2007). A forum selection clause may be invalidated if (1) it was induced by fraud; (2) the selected forum would be so unfair that it would effectively deprive a party of their day in court; or (3) enforcement of the clause would contravene Washington state public policy. *Id*. at 834. Neither party alleges any fraud in relation to the arbitration clause. The defendants have not cited any public policy that would be violated by arbitrating in Seattle. While the defendants will likely experience inconvenience in a Seattle arbitration, that inconvenience does not rise to the level of depriving

them of their day in court. Accordingly, because the defendants have not met their burden of showing that the forum selection clause is unconscionable, it is valid and enforceable with regard to the parties to the agreement.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment to Compel Arbitration [Dkt. #45] is GRANTED with respect to defendants Terhune Enterprises, LLC, and Douglas Enterprises International, LLC. Plaintiff's Motion to Compel Arbitration is DENIED with respect to defendants John Terhune and Marshall Douglas individually. The Court hereby STAYS all proceedings in this Court with respect to Plaintiff's continuing claims against John Terhune and Marshall Douglas pending arbitration between Univera, Terhune Enterprises, LLC, and Douglas Enterprises LLC.

DATED this 18TH day of November, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE